IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02465-LTB-PAC

TAYLOR BUCKLEY and
JOHN BUCKLEY,

    Plaintiff(s),

v.

EL PASO COUNTY OF HUMAN SERVICES,
BARBARA DRAKE, individually and in her official capacity as Director of the El Paso County Department of Human Services;
DAVID BERNS, individually and as former Director of he El Paso County Department of Human Services;
JACQUIE VIGNONE, individually and as an agent, employee and representative of El Paso County Department of Human Services;
ANGELA TOMINES, individually and as an agent, employee, and representative of El Paso County Department of Human Services;
RON NEWMAN, individually and as an agent, employee and representative of El Paso County Department of Human Services;
JOE WALLIS, individually and as an agent, employee and representative of El Paso County Attorney's Office;
AUBREY MOSES, individually and as an agent, employee and representative of El Paso County Attorney's Office,

    Defendant(s).

---

**MINUTE ORDER**

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Unopposed Motion for Stipulation and Protective Order [filed June 14, 2006; Doc. No. 46] is granted.

    The attached Protective Order shall be made an Order of the Court this date.

Dated: June 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 04-cv-02465-LTB-PAC

TAYLOR BUCKLEY and
JOHN C. BUCKLEY, III,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF COUNTY OF EL PASO, a governmental entity of the STATE OF COLORADO;
DAVID BERNS, individually and as an agent, employee, and representative of El Paso County;
JACQUIE VIGNONE, individually and as an agent, employee, and representative of El Paso County;
RON NEWMAN, individually and as an agent, employee, and representative of the El Paso County;
JOE WALLIS, individually and as an agent, employee, and representative of the El Paso County;
AUBREY MOSES, individually and as an agent, employee and representative of the El Paso County,

    Defendants.

---

## ~~STIPULATION AND~~ PROTECTIVE ORDER

---

The Parties, by and through their undersigned counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and as grounds therefor state as follows:

1.    In this action, much of the evidence consists of files compiled by the El Paso County Department of Human Services ("DHS"). The DHS files contain highly confidential and sensitive information. The parties anticipate seeking additional confidential information during discovery and that there will be questioning concerning confidential information in the course of depositions. The parties assert that the disclosure of such information outside the scope of this litigation could result

in injury to the business and privacy interests of one or more of the parties. In order to protect the confidentiality of this information, the parties have entered into this stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.

2.　"Confidential Information" means all documents disclosed as part of any DHS files, as well as any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 7 and 8 below as CONFIDENTIAL.

3.　Information designated as CONFIDENTIAL shall first be reviewed by a lawyer and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4.　Confidential information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5.　Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

(a)  attorneys actively working on this case;

(b)  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the litigation of this case;

(c)  the parties, including the parties' employees, officers and directors actively participating in the litigation of this case;

(d)  expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

(e)  the Court and its employees ("Court Personnel");

(f)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

(g)  other persons by written agreement of the parties.

6.  Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed affidavit in the form attached to this Order as Attachment A, stating that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order. All such original affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.  When Confidential Information is produced, disclosed or otherwise provided by a party in response to any discovery request it will be designated as Confidential Information by

3

imprinting or affixing the word CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.

8. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of certain information as CONFIDENTIAL within fourteen (14) days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document or information as to which objection is made. The designating party shall respond within fourteen (14) days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation. The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11.     At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. If the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all other parties with an affidavit confirming the destruction.

12.     The remedy for violations of this Protective Order shall be as follows:

   (a)  For willful violation of the Protective Order, the remedy may include sanctions as determined by the Court and private remedies for damages resulting from the breach.

   (b)  For non-willful violation of the Protective Order, the remedy is limited to sanctions as determined by the Court.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulation of the parties is approved and made an Order of the Court this 23rd day of June 2006.

BY THE COURT:

S/ PATRICIA A. COAN
United States Magistrate Judge

5

**STIPULATED AND AGREED TO BY:**


s/ Robert J. Frank
Robert J. Frank
FRANK, McCAFFREY & WHEELOCK, L.L.C.
31 N. Tejon St., Suite 200
Colorado Springs, CO 80903

*Attorneys for Plaintiffs*

6

**STIPULATED AND AGREED TO BY:**


s/ Sara Ludke Cook
Gordon L. Vaughan
Sara Ludke Cook
VAUGHAN & DEMURO
111 South Tejon, Suite 410
Colorado Springs, Colorado 80903

*Attorneys for Defendants Board of County
Commissioners of the County of El Paso
and David Berns*

**STIPULATED AND AGREED TO BY:**

s/ Phillip A. Vaglica
Phillip A. Vaglica
VAGLICA & MEINHOLD, L.L.C.
102 N. Cascade Ave., Suite 350
Colorado Springs, CO 80903

*Attorneys for Defendants Jacquie Vignone and Ron Newman*

**STIPULATED AND AGREED TO BY:**

s/ Shelby Felton
Shelby Felton
GODFREY & LAPUYADE, P.C.
9557 South Kingston Court
Englewood, CO 80112

*Attorneys for Defendant Joe Wallis*

**STIPULATED AND AGREED TO BY:**

s/ Tom Lyons
Tom Lyons
HALL & EVANS
1125 17th St., Suite 600
Denver, CO 80202

*Attorneys for Defendant Aubrey Moses*

## ATTACHMENT A
## AFFIDAVIT

STATE OF _____ )
                         ) ss.
COUNTY OF _____ )

        I, _____, do swear or affirm and state under penalty of perjury that:

        1.      I have read the Protective Order entered in *Buckley v. Board of County Commissioners of the County of El Paso, et al.*, in the United States District Court for the District of Colorado, Case No. 04-cv-02465-LTB-PAC, a copy of which is attached to this Affidavit.

        2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

        3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

        4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

        5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

SUBSCRIBED AND SWORN to before me this \_\_\_\_\_ day of _____, 200\_\_\_ by _____.

        WITNESS my hand and official seal.

_____
Notary Public

[SEAL]

_____
My Commission Expires: